IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

MANN DESIGN LTD.,
a Minnesota Corporation,

Plaintiff,

v.

FARNAM COMPANIES, INC.,
an Arizona Corporation,

Defendant.

Civil Action No. 01-1061 MJD/FLN

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the proceedings in this action may involve the production or disclosure of commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties desire to stipulate to the entry of this Protective Order for the purpose of limiting the disclosure of any such information,

IT IS HEREBY ORDERED that:

1. A party, or any person providing materials pursuant to a party's discovery request, may, in good faith, designate as confidential, in whole or in part, materials which contain trade secrets or other confidential information which are to be disclosed or produced to another party in this action.

Such designation shall be made, where practical, by marking the material itself in a conspicuous manner. If not practical to mark the material itself, a container for or tag attached to

FILED MAR [illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the material shall be so marked. The marking shall state: "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

In lieu of marking the original of a document prior to inspection, producing counsel may orally designate documents being produced for inspection as confidential materials, thereby making them subject to this Order; however, each copy of such documents must be marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time they are supplied to inspecting counsel in order to make such copies subject to this Order.

Confidential information disclosed at a deposition may be designated by a party as confidential by indicating on the record during the deposition that the testimony is confidential and subject to the provisions of this Order. Information designated as confidential during a deposition shall lose its confidential status 60 days following receipt of the transcript by counsel for the parties, unless within that 60 day period, the party designating information disclosed during the deposition as confidential notifies all parties in writing of the specific pages and lines of the transcript that are to be treated confidential thereafter.

2. Confidential materials may include, but are not limited to, the following:

(a) Documents and other discovery materials produced in response to any request for production of documents, or for any other reason;

(b) Answers to interrogatories or requests for admission;

(c) Portions of transcripts of depositions or documents marked for identification in depositions;

(d) Information obtained from inspections of machines or premises;

(e) The information contained in any of the foregoing, and Stipulations.

3. Access to materials designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to materials so designated is exclusively limited to outside trial counsel of record in this action, the employees of said counsel of record actually assisting such counsel in preparation of this case, and experts retained to assist counsel in this case and who are not employed by or in any manner affiliated with either party. Such information shall be generally limited to:

(a) Financial information including but not limited to invoices and purchase orders;

(b) Names of manufacturers, customers and potential customers;

(c) Business plans;

(d) Names of suppliers and potential suppliers;

(e) Technical product information not yet released to the public;

(f) Pending patent applications; and

(g) Test data of the designating party.

Access to material designated "CONFIDENTIAL" may be disclosed on the basis of need-to-know for the purpose of this litigation only to the parties, to officers, directors, employees and counsel (and their office staff) of the parties, and to experts retained to assist counsel in this case. All employees of the parties, and experts, must sign a confidentiality agreement in the form of Exhibit A to this Order before gaining access to confidential materials. Each party shall retain custody of the Exhibit A forms executed at the party's request, and shall produce such executed forms to the Court for review upon request by the other party.

4. Before disclosing confidential material to persons whose depositions have been noticed, and who are not presently officers, directors, employees, agents or consultants of a party, the counsel desiring to disclose the material shall provide the deponent with a copy of this Stipulated Protective Order and make a good faith effort to obtain written assurance in the form of Exhibit A attached hereto that the deponent will be bound by its provisions. If the deponent refuses to give said assurance and the party who has produced the confidential materials objects to disclosure of the confidential materials during the deposition, the taking of the deposition may be suspended by the objecting party for the time necessary to make a motion for an order concerning the objection. If the objecting party desires to make a motion for an order concerning the objection but does not elect to suspend the deposition, the deponent may only review the confidential material during the deposition, and copies of the deposition exhibits and portions of the transcript relating thereto shall not be provided to the deponent with his transcript until such time as a ruling on the motion for an order concerning the objection has been obtained. Any motion brought under this paragraph must be filed within seven (7) days following the completion of the subject deposition. Notwithstanding anything to the contrary contained in this paragraph 4, in connection with a deposition of a former employee of a party, confidential information that said employee authored or reviewed in connection with his or her employment may be disclosed to them during a deposition.

5. Any and all confidential materials produced, served or otherwise made available by one party to another party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used only for the preparation and presentation of this action and for no other purpose whatsoever.

6. Except as otherwise provided in paragraph 9, any papers or arguments which contain, reveal or refer to confidential materials and are submitted to the Court shall be in camera and shall not publicly be disclosed except upon consent of the providing party or upon further order of the Court. Any confidential materials filed with the Court shall be filed under seal, and shall remain under seal until further order of the Court. Such materials shall be filed in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES

7. Within thirty (30) days after final determination of this action, all confidential materials produced, served or otherwise made available by one party to another party during the course of this action together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for the party which produced, served or otherwise made the materials available. Notwithstanding the above, counsel may retain one copy of such material to maintain a complete file of the litigation.

8. If information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and without prejudice to the other rights and remedies of the other party, make every effort to prevent further disclosure on its own part or on the part of the recipient of such information.

9. Materials covered by this Protective Order may be used in testimony at trial, at any motion hearing, and may be offered in evidence at trial or at any motion hearing, provided that counsel for the party who produced such material is given a reasonable opportunity to seek a Court Order protecting the materials' confidentiality. Materials covered by this Protective Order may also be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, but may not be used for any other purpose except as expressly provided herein or by further Order of this Court.

10. Restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not apply to any information which has come into the receiving party's legitimate possession independent of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if said person already has possession thereof, is the originator of the information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", or is identified on a written document as having authored or received a copy of it.

11. Nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions regarding confidentiality as may be appropriate.

12. Nothing in this Protective Order shall be construed as preventing a party to this action from contesting the designation of documents, testimony or other materials as "confidential" materials or from seeking a ruling from the Court that any such materials need not be treated as confidential. If a party in good faith notices a motion challenging the other party's designation of any materials as confidential, the burden shall be on the designating party to

establish to the Court's satisfaction the need to restrict dissemination of the information designated as confidential.

13. Nothing in this Protective Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege or on other grounds not related to the confidentiality of the documents.

14. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

15. If any confidential information is inadvertently provided to an inspecting party without being marked in accordance with this Protective Order, the failure to so mark the material shall not be deemed a waiver of its confidentiality. However, until such time as the party producing the confidential information advises the receiving party that the information is deemed confidential, the information shall not be subject to any of the restrictions on use or dissemination contained herein.

16. This Protective Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

Dated: 3/26, 2001

United States Magistrate Judge

STIPULATED TO:

Dated: March 14, 2002

**ROBINS, KAPLAN, MILLER & CIRESI, L.LP.**

By: ______________________
Emmett J. McMahon (#198298)
Christopher J. Sorenson (#270118)
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Fax: (612) 339-4181

***Attorneys For Plaintiff Mann Design Ltd.***

Dated: March 13, 2002

**BRIGGS AND MORGAN, P.A.**

By: ______________________
Karna A. Berg (#198432)
Kurt J. Niederluecke (#271597)
Lori. J. Marco (#277794)
W2200 First National Bank Building
332 Minnesota Street
Saint Paul, MN 55101
Telephone: (651) 223-6600
Fax: (651) 223-8450

***Attorneys For Defendant Farnam Companies, Inc.***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MANN DESIGN LTD.,<br>a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FARNAM COMPANIES, INC.,<br>an Arizona Corporation,<br><br>Defendant. | ) | Civil Action No. 01-1061 MJD/FLN<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER** |

STATE OF ____________________ )
) ss.
COUNTY OF __________________ )

I, ____________________________________, being first duly sworn, state that:

1. My address is ______________________________________________

____________________________________________________________________.

2. My present employer is _______________________________________,

and the address of my present employment is _________________________________

____________________________________________________________________.

3. My present occupation or job description is __________________

____________________________________________________________________

____________________________________________________________________.

4. I have received a copy of the Stipulated Protective Order in this action signed by United States Magistrate Judge Noel on ____________, 2002.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any materials marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" which are disclosed to me.

8. I will return all materials marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" which may come into my possession, and documents or things which I may prepare relating thereto, to trial counsel for the party by whom I am employed or retained upon said trial counsel's request.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order against me in this action.

____________________________________
Signature

Subscribed and sworn to before
me this ____ day of ___________, 2002.

____________________________
Notary Public